IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UTAH DEPARTMENT OF WORKFORCE SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>DERALD WILFORD GEDDES, MOUNT OGDEN DENTAL, P.C.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND<br><br><br><br><br>Case No. 2:13-CV-24 TS |

This matter is before the Court on Plaintiff Utah Department of Workforce Services Motion to Remand to State Court. For the reasons discussed more fully below, the Court will grant Plaintiff's Motion.

I.  BACKGROUND

Plaintiff, in an effort to properly administer Utah's unemployment insurance fund, commenced an investigation of Mount Ogden Dental P.C., a Utah corporation, and Derald Wilford Geddes. As part of their investigation, Plaintiff served Defendants with a subpoena for business records on August 1, 2012. The Second District Court signed an Order Enforcing Subpoena, and later an Order to Show Cause for failure to obey a lawful order of the court. A

1

hearing in state court was scheduled for February 6, 2013, and Defendants filed a Notice of Removal with this Court on February 1, 2013.

Defendant Geddes states that he is a direct descendant of Nathaniel Hatch, who was a citizen of "the Commonwealth of Massachusetts at the time of its inception."[1]  As such, he argues that by "birthright" he is a sovereign unto himself, and therefore claims sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA").[2]  Defendant Geddes also argues that, as a sovereign citizen, he is a foreign state and entitled to remove any pending state action to federal court under 28 U.S.C. § 1441(d).  Plaintiff submits that remand to state court is warranted because Defendants have not demonstrated that they are a foreign state as defined in 28 U.S.C. § 1603(a) and, therefore, their request for removal under 28 U.S.C § 1441(d) is without merit.

## II.  DISCUSSION

The burden of establishing federal jurisdiction rests with the party seeking removal.[3]  The Tenth Circuit has stated that "there is a presumption against removal jurisdiction."[4]  Further, "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against

---

[1] Docket No. 1, at 1.

[2] *See id.* at 2.

[3] *Capital One Bank v. Glavin*, 2011 WL 1211512, at 1* (W.D. Wis. Mar. 31, 2011) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1992); *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982)).

[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

removal."[5]  An action may be removed to federal court if it involves a federal question,[6] or if diversity of citizenship exists between the parties and the amount of controversy is more than $75,000.[7]

Diversity may be claimed between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (4) or a foreign state . . . as plaintiff and citizens of a State."[8]  A foreign state includes:

> (a) . . . a political subdivision of a foreign state or an agency or instrumentality of a foreign state . . . (b) An "agency or instrumentality of a foreign state" means an entity-(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state . . . (3) which is neither a citizen of a State of the United States, nor created under the laws of any third country.[9]

Applying this standard, the Court finds that Defendants have failed to meet their burden to establish federal jurisdiction. First, this case does not meet the amount in controversy requirement. Defendant offers no evidence that the amount in controversy in the administrative action with Plaintiff exceeds the $75,000 required by 28 U.S.C. § 1332(a).

Second, Defendants do not qualify for diversity of citizenship. Mount Ogden Dental P.C. is a Utah corporation. Therefore, there is no diversity as to that entity. Defendant Geddes does not claim that he is domiciled or that his principal place of business is in another state, or that he

---

[5]*Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[6]28 U.S.C. § 1331.

[7]*Id*. § 1332(a).

[8]*Id*. § 1332(a)(1)-(4).

[9]*Id*. § 1603(a)(1)-(3).

has citizenship in a foreign state. Instead, he claims that because he is "one of the direct posterity of the original sovereign American people" that he is "one of the sovereign American people by Inheritance of Birthright," and therefore a foreign state unto himself.[10]

"This 'sovereign citizen' argument has been rejected repeatedly by courts."[11] Like others who have made this type of argument before this Court, Defendant has "proffered numerous quotations from judicial opinions . . . as well as law dictionaries" weaving a "rambling and circuitous dissertation, rich in sweeping abstractions phrased in oft-capitalized and abstruse legalistic prose."[12]

Simply by "labeling one's self as a 'Sovereign Citizen'" an individual does not immunize himself from the jurisdiction of the state or federal courts.[13] "Jurisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman or by the use of special seals . . . or by the recitals of Special Words, Phrases or Arcane Incantations."[14] Even though Defendant Geddes may hold a "sincere belief" that he is "an alien beyond the jurisdictional reach" of the courts, he is "simply wrong."[15]

---

[10] Docket No. 1, Exhibit C, at 1.

[11] *Capital One*, 2011 WL 1211512 at *1.

[12] *Richmond v. Wampanoag Tribal Court Cases*, 431 F. Supp.2d 1159, 1161 (D. Utah 2006).

[13] *Id.* at 1182.

[14] *Id*. (internal quotations and citation omitted).

[15] *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993).

Courts have routinely found the sovereign citizen argument as "completely without merit" and "patently frivolous."[16]

In short, Defendants have not shown that their claim meets the amount in controversy, nor are they diverse. Therefore, Defendants have failed to meet their burden and the Court will grant Plaintiff's Motion to Remand to State Court.

In addition, though not discussed by the parties, the Court would note that its conclusion is supported by the doctrine set out in *Younger*, which, in any event, would mandate abstention in this case.[17]

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Remand to State Court (Docket No. 2) is GRANTED.

The Clerk of the Court is directed to remand this case to the Second Judicial District Court of Weber County, State of Utah.

DATED   April 4, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16]*Id*. (quoting *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992)).

[17]*See iMergent, Inc. v. Giani*, 2007 WL 895128 at *4 (D. Utah); *Sammons Transp. Inc. v. Warmington*, 2008 WL 314680 at *1 (D. Utah).